UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER,

                              Plaintiff,

    -against-                                      9:19-CV-1253 (LEK/ATB)

SGT. COLEMAN, *et al.*,

                              Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff Anthony Amaker commenced this *pro se* action on May 12, 2017, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his confinement at Bare Hill Correctional Facility ("Bare Hill C.F."). Dkt. No. 2 ("Complaint"). After initial review of the Complaint, the Court allowed three of Plaintiff's claims to continue: a claim for First Amendment retaliation against Defendants Nurse Harmon, Sgt. Coleman, and Corrections Officer Albert; a claim for Eighth Amendment medical indifference against Defendants Harmon, Coleman, and Albert; and a claim for violation of Plaintiff's First Amendment free exercise rights against Defendant Ranney, the DOCCS Coordinating Chaplain for Bare Hill C.F. See Dkt. No. 15 at 28.

        On August 14, 2021, Defendants filed a motion for summary judgment. Dkt. No. 48 ("Motion"). Plaintiff was granted multiple extensions of time to respond to Defendants' Motion. Dkt. Nos. 52, 54. However, Plaintiff never filed a response. See Docket.

        Now before the Court is a report and recommendation issued by the Honorable Andrew T. Baxter, recommending that Defendants' motion for summary judgment be granted. Dkt. No.

57 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 3–5.

### B. The Report-Recommendation

After a thorough review of the facts and claims asserted by Plaintiff, as well as the uncontradicted record evidence presented by Defendants, Judge Baxter found no material facts at issue and recommended the Court grant summary judgment as to each of Plaintiff's claims. Judge Baxter found that Plaintiff had failed to exhaust his administrative remedies as to his retaliation claims against all three defendants and as to his medical indifference claims against Coleman and Albert. Id. at 15. Judge Baxter also found Plaintiff had also failed to exhaust his administrative remedies regarding his free exercise claim against Defendant Ranney, except insofar as that claim dealt with proper observation of the Muslim Saviours' Day meal. Id. at 20.

Judge Baxter found that, while Plaintiff had successfully exhausted his administrative remedies regarding his medical indifference claim against Nurse Harmon and review of that claim on the merits was appropriate, that there was no dispute as to material fact on the record that Harmon was not deliberately indifferent to Plaintiff's serious medical needs. Id. 28–29. Judge Baxter observed that Plaintiff's Complaint amounted to a mere disagreement regarding the course of care received, and Plaintiff's medical needs were not sufficiently serious. Id. Similarly, Judge Baxter found that there was no dispute that Defendant Ranney had not violated Plaintiff's right to free exercise, because no evidence on the record indicated that a substantial burden was

placed on Plaintiff's practice of his religion or that Ranney acted with the requisite state of mind. Id. at 35–38.

## III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See, e.g., Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## IV. DISCUSSION

Neither party filed objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 57) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 48) is **GRANTED**; and it is further

**ORDERED**, the Complaint be dismissed in its entirety as against all remaining Defendants; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 24, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge